Hector M. TIRADO, Petitioner,

v.

**DEPARTMENT OF the
TREASURY, Respondent.**

Appeal No. 85–730.

United States Court of Appeals,
Federal Circuit.

March 13, 1985.

Hector M. Tirado, submitted pro se.

Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director and M. Susan Burnett, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., submitted for respondent.

Before MARKEY, Chief Judge, DAVIS, Circuit Judge, and RE, Judge.*

DAVIS, Circuit Judge.

Petitioner Tirado, an employee of the Internal Revenue Service (IRS), was charged by his agency with (1) engaging in a physical altercation with a fellow employee, (2) acting so as to disrupt the ordinary operation of his office, and (3) disobeying a direct order. He was removed for these reasons, and then appealed to the Merit Systems Protection Board (MSPB or Board). After a hearing, the MSPB presid-

---

* The Honorable Edward D. Re, Chief Judge, United States Court of International Trade, sitting by designation.

ing official sustained the charges and rejected Tirado's contention that the IRS failed to attempt to accommodate his claimed handicap (an emotional problem). The presiding official decided, however, that the agency, knowing of petitioner's emotional condition, had improperly failed to file an application for disability retirement on his behalf. This was said to vitiate the removal and the agency was ordered to cancel that action. On the IRS's petition for review by the full Board, that tribunal granted the petition, affirmed the presiding official's determination that the charges had been proved, imposed the penalty of removal, and reversed the presiding official's determination that the agency had improperly failed to file an application for disability retirement. 22 M.S.P.R. 590. The ground of this last holding was that Tirado did not have the necessary five years of "civilian service" (5 U.S.C. § 8337(a)) which is a prerequisite for all civil service disability retirement. We affirm the full MSPB.

## I.

■ First, there undoubtedly is substantial evidence to support the three specific charges sustained by the MSPB. Tirado admittedly engaged in fisticuffs with a fellow-worker (Mr. Crummer), and there also were testifying witnesses to that very incident. Petitioner admits the other belligerent encounters with respect to members of his office, and again there was adequate support for that charge of disruption. Petitioner likewise disobeyed a direct order of his Division Director to leave the building (after being placed on administrative leave). These facts all occurred, and the only excuse proffered is that they were the result of Tirado's mental and emotional problems. This does not obviate the existence of the detrimental conduct (though it may have a bearing on disposition).

## II.

■ Petitioner's major claim is that he did have the five years service necessary for disability retirement because, though he admittedly did not have five years of *civilian* service, the total of his civilian and military service exceeded five years. He directly challenges the holding of the full Board that military service cannot be counted in measuring an employee's initial eligibility for disability retirement. His argument is that the word "service," in the legislation relating to federal civil service retirement (Chapter 83 of Title 5 of the United States Code, Subchapter III), is generally defined (5 U.S.C. § 8331(12)) as "employment creditable under section 8332," and in turn § 8332 ("Creditable service") expressly allows credit for military service (§ 8332(c) and (d)). It follows, Tirado says, that the five years service required in § 8337(a) for eligibility for disability retirement includes military as well as civilian service.

The difficulty with this position is that § 8337(a) very specifically requires five years of "civilian service" for eligibility for disability retirement.[1] The same is true of the eligibility provision for a non-disability retirement based on time-in-service. 5 U.S.C. § 8333(a).[2] Similarly, deferred retirement is available at age 62 to an employee who becomes ineligible for civil service retirement "after completing 5 years of *civilian service*." 5 U.S.C. § 8338(a). These coordinated and express provisions demonstrate that Congress wanted to restrict eligibility for civil service retirement—both disability and longevity retirement—to persons who have had at least five years of *civilian* federal employment.

---

**1.** § 8337 ("Disability retirement") provides in pertinent part:

   (a) An employee who completes 5 years of *civilian service* and is found by the Office of Personnel Management to have become disabled shall be retired on his own application or on application by his agency. * * * (Emphasis added.)

**2.** § 8333 ("Eligibility for annuity") provides in relevant part:

   (a) An employee must complete at least 5 years of *civilian service* before he is eligible for an annuity under this subchapter [relating to civil service retirement annuities]. * * * (Emphasis added.)

That is the minimum eligibility requirement.

Once that threshold standard of eligibility has been met, military service can be counted (in defined circumstances) in computing the *amount* of the proper retirement annuity to which the applicant is entitled. That is the special function of the statutory provisions, *supra*, on which petitioner relies—§§ 8331(12) (defining "service" in terms of § 8332) and 8332(c) and (d) (crediting military service in appropriate circumstances). Those sections have nothing to do with the minimum eligibility requirement of five years of *civilian* service. Indeed, it would be most extraordinary if Congress, in adopting those particular provisions, silently and impliedly meant to delete or override "civilian" from the specific eligibility provisions (which have long been in the law). The opposite is true—Congress obviously wanted only those individuals with a minimum of federal *civilian* service to be entitled to a federal civil service annuity.[3]

### III.

■ The remaining question is whether the sanction of removal, imposed by the full MSPB, was suitable. On that we cannot fault the Board's statement: "[I]n light of the seriousness of the sustained misconduct, [petitioner's] previous disruptive behavior as shown by his past disciplinary record, the agency's previous efforts at counselling [petitioner] for such behavior, the relatively short duration of [petitioner's] employment with the agency and [petitioner's] mental state at the time of the charged conduct, we find removal to be a penalty which is within the tolerable limits of reasonableness." For individuals like Tirado, who are ineligible for disability retirement but who are seriously disruptive because of presumed mental or emotional problems, removal is appropriate. *See Piccone v. United States, supra,* 407 F.2d at 872, and contrast *Hill v. U.S. Postal Service,* 4 MSPB 44, 3 M.S.P.R. ___ (1980) (employee eligible for disability retirement because he had five years of civilian service).

AFFIRMED.

---

**3.** In paraphrasing the then disability retirement provision, *Piccone v. United States,* 407 F.2d 866, 872, 186 Ct.Cl. 752 (1969), spoke of a minimum requirement of "five years' *creditable* service in the Government" (emphasis added). This did not mean "creditable" in the sense of useable for annuity computation (which could include military service) but was equivalent to the term "creditable civilian service" which the MSPB employed in its prior holding (to the same effect as our instant holding) on which the full Board relied below. *Stetka v. Department of Health and Human Services,* 9 MSPB 780, 10 M.S.P.R. ___ (1982). That meaning of "creditable" is civilian government service which is covered by the retirement statute (*e.g.,* federal judges' service is not so covered).