889 F.2d 1100
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Silvestre D. GUINTO, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 89-3250.
 United States Court of Appeals, Federal Circuit.
 Oct. 13, 1989.
 
 Before RICH, MAYER and MICHEL, Circuit Judges.
 
 PER CURIAM
 DECISION
 
 1
 Sylvestre D. Guinto appeals from the March 15, 1989 decision of the Merit Systems Protection Board (MSPB or Board), Docket No. SE08318810490, denying his petition for review of the Administrative Judge's (AJ's) decision dated November 14, 1988. The AJ found that Guinto was not entitled to benefits under the Civilian Service Retirement Act, because he did not meet the requirement of five years as a civilian employee. We affirm.
 
 OPINION
 
 2
 There is no dispute over the AJ's factual finding that Guinto was a member first of the Philippine Army and later of the Philippine Scouts under the control of the United States during and shortly after World War II. Guinto's dispute is with the AJ's conclusion that this service did not constitute civilian employment. Guinto supports his position by pointing to 38 U.S.C. Sec. 107, which states, in effect, that those who served in the Philippine Army under the control of the United States during WWII are entitled to military benfits under only certain enumerated sections.
 
 
 3
 5 U.S.C. Sec. 8333(a) requires a minimum of five years of civilian service to be eligible for civilian retirement benefits. The AJ correctly found that, with one exception not applicable here, time spent in the military is not creditable toward civilian service. See Tirado v. Department of the Treasury, 757 F.2d 263 (Fed.Cir.1985). Further, we agree that Guinto's service in the Philippine Army cannot be considered to be anything but military service. We find no merit in Guinto's argument that because veterans of the Philippine Army are treated as military personnel for only certain purposes, that they must be considered civilian personnel for other purposes. Such an argument is contrary to the clear language of the statute, which is intended to give only certain military benefits to those who served in the Philippine Army during WWII.
 
 
 4
 Therefore, the board correctly found that Guinto, having failed to meet the requirement of five years of civilian employment, is not eligible for benefits under the Civil Service Retirement Act.