918 F.2d 186
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Gerondia VDA DE CAMEMO, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 90-3007.
 United States Court of Appeals, Federal Circuit.
 Oct. 10, 1990.
 
 Before RICH, PAULINE NEWMAN and CLEVENGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Gerondia Vda de Camemo appeals from the April 24, 1989 Initial Decision of the Administrative Judge (AJ), Docket No. SE08318910078, which became the final decision of the Merit Systems Protection Board (MSPB) when the MSPB declined review on September 12, 1989. We affirm.
 
 OPINION
 
 2
 Appellant claims she is entitled to survivor benefits based upon her deceased husband's civilian and military service from 1939 through 1961. We find no error in the AJ's conclusion that she is not.
 
 
 3
 With respect to the threshold issue of appellant's own eligibility for survivor benefits, the AJ found no evidence that would support her eligibility under any of 5 U.S.C. Secs. 8341(b)(1), (d), or 8342(d).
 
 
 4
 Nor does any evidence suggest that the decedent himself would have been eligible for a retirement annuity, had he applied for one. An employee must complete at least five years of creditable civilian service before he can become eligible for a retirement annuity under the Civil Service Retirement System. 5 U.S.C. Secs. 8331(12), 8333(a). Regarding the alleged service at the United States Embassy in Manila from 1939 to 1941, the AJ found no record of this service, let alone any evidence that it was creditable. Nor does the military service of appellant's husband as a guerilla from 1941 to 1945 qualify him for Civil Service retirement benefits. See Tirado v. Dept. of Treasury, 757 F.2d 263, 264-65 (Fed.Cir.1985).
 
 
 5
 Appellant urges that the decedent's civilian service from 1945 to 1948, all or most of which was performed under contract, was creditable. The three-element definition of an "employee," set forth at 5 U.S.C. Sec. 2105(a), applies to one seeking to claim creditable service for retirement purposes. Horner v. Acosta, 803 F.2d 687, 691 (Fed.Cir.1986). The AJ found no evidence that the decedent had ever been "appointed in the civil service" as required for "employee" status under Sec. 2105(a).
 
 
 6
 Lastly, an employee must complete at least one year of creditable service in his last two years before separation in order to qualify for a retirement annuity. 5 U.S.C. Sec. 8333(b). The AJ found no evidence that any of the last two years of the decedent's service was creditable.