937 F.2d 624
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Libertad A. MEJIA, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 91-3148.
 United States Court of Appeals, Federal Circuit.
 June 14, 1991.
 
 Before RICH, ARCHER and MAYER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Libertad Mejia appeals from the May 17, 1990 Initial Decision of the Administrative Judge (AJ), Docket No. SE08319010233, which became the final decision of the Merit Systems Protection Board (MSPB) when the Board declined review on November 2, 1990. We affirm.
 
 OPINION
 
 2
 We see no error in the AJ's determination that Mrs. Mejia is not entitled to survivor benefits. Since it is undisputed that Mrs. Mejia's husband, Daniel Mejia, was neither a covered employee nor an annuitant at the time his death, Mrs. Mejia is only entitled to survivor benefits if her husband was, in fact, entitled to retirement benefits at the time of his death.
 
 
 3
 The AJ correctly found that he was not. With respect to his service from 1968 to 1981, substantial evidence supports the finding that Mr. Mejia was not employed in a position covered by the Civil Service Retirement Act (CSRA) during that time. With respect to his service from 1946 to 1953, the period of military service from 1946 to 1949 is not creditable toward the 5 year requirement of 5 USC Sec. 8333(a). See Tirado v. Dept. of the Treasury, 757 F.2d 263, 264-65 (Fed.Cir.1985). Thus, regardless of whether Mr. Mejia actually received the refund check for his covered service from May 25, 1949 to November 17, 1953, he would not have been entitled to a retirement annuity based on this service because it did not meet the 5 year requirement of 5 USC Sec. 8333(a).
 
 
 4
 In fact, Mrs. Mejia does not make any effort to show legal or factual error in the AJ's determination that she is not entitled to survivor benefits. Instead, she attempts to persuade us that denial of such benefits is unjust and unreasonable in view of Mr. Mejia's many years of service with the federal government. However, the requirements for entitlement to annuity benefits are set by Congress, and this court is without the authority to waive them.