935 F.2d 280
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Pedro C. ACAL, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 91-3137.
 United States Court of Appeals, Federal Circuit.
 May 8, 1991.
Reheaering Denied July 9, 1991.
 
 Before MICHEL, Circuit Judge, COWEN, Senior Circuit Judge, and PLAGER, Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner appeals from a decision of the Merit Systems Protection Board (MSPB or Board), which sustained the determination of the Office of Personnel Management, that petitioner is not entitled to an annuity under the Civil Service Retirement Act, because he did not establish that he had five years of creditable service. We affirm the decision of the MSPB (Docket No. SE08319010287).
 
 DECISION
 
 2
 In order to establish his right to a civil service annuity, the burden was upon Mr. Acal to demonstrate that he had five years of creditable civilian service. See 5 U.S.C. Secs. 8331(12), 8332, 8333(a)(b) and 8338 (1988).
 
 OPINION
 
 3
 Mr. Acal first claims credit for military service as a security home guard in the Philippines from January 1943 to December 1944, and he supported this claim with two affidavits. However, the law is clear that for an employee to be eligible for a civil service annuity, he must first establish that he had five years of creditable civilian service. Military service cannot be counted toward meeting this minimum requirement. However, after an employee establishes that he had five years of civilian employment, military service can be counted to determine the amount of his annuity. Tirado v. Department of the Treasury, 757 F.2d 263, 265 (Fed.Cir.1985).
 
 
 4
 Mr. Acal also claims that he served for twelve months as a civilian security guard with the United States Army and for four months as a civilian employee of the United States Navy. He submitted no proof of this service in the form of service records or other documentary evidence. Assuming arguendo, however, that he had a total of sixteen months civilian service, the total of his creditable civilian service falls far short of the five years required.
 
 
 5
 Mr. Acal has presented no other grounds which would justify reversal of the MSPB decision, and since he has failed to establish that the decision was arbitrary, capricious, and an abuse of discretion or otherwise not in accordance with the law, the Board's decision must be affirmed. See 5 U.S.C. Sec. 7703(c)(1).