945 F.2d 416
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ramon G. FERRER, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 91-3195.
 United States Court of Appeals, Federal Circuit.
 Sept. 6, 1991.
 
 Before LOURIE, Circuit Judge, BENNETT, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Ramon G. Ferrer appeals the decision of the Merit Systems Protection Board (MSPB or Board), No. SE08319010373 (Jan. 22, 1991), denying his November 16, 1989 application for a deferred annuity under the Civil Service Retirement Act (CSRA). The Board's Initial Decision, which became final on September 5, 1990, upheld the reconsideration decision of the Office of Personnel Management (OPM) (issued April 20, 1990), and denied the application for the claimed annuity. We affirm.
 
 BACKGROUND
 
 2
 Ramon G. Ferrer, a Philippine national, claims entitlement to retirement benefits under the CSRA. He alleges that his military service in the "Army 'Medical Corps' " and civilian service at the United States Navy Barracks in Guam qualify him for a CSRA annuity. In his application for CSRA benefits, Mr. Ferrer alleges that he served with the "Army 'Medical Corps' " from November 17, 1942 to July 3, 1946, and that he served as a maintenance worker at the United States Naval Barracks in Guam from April 27, 1947 to November 4, 1953. Mr. Ferrer further states that he was employed by the Marianas Stevedoring Development Company, Inc., in Guam from 1947 to 1953.
 
 DISCUSSION
 
 3
 We review the MSPB's decision under a very narrow standard, affirming the judgment unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1988). It is axiomatic in CSRA jurisprudence that the party seeking entitlement to the annuity must initially prove two things: (1) that the party has at least five years of creditable service, and (2) the service was in a CSRA covered position. "Creditable" service, according to 5 U.S.C. § 8332(b) (1988), must be "based in the civilian service of the Government." "Covered" service denotes service to which the CSRA applies. See Herrera v. United States, 849 F.2d 1416, 1417 (Fed.Cir.1988).
 
 
 4
 Under the CSRA, the government employee seeking entitlement to the benefits has the burden to prove completion of the five years of creditable civilian service in a CSRA-covered position and thus establish his right to an annuity. Huskey v. Office of Personnel Management, 27 M.S.P.R. 363, 365 (1985), aff'd, 790 F.2d 92 (Fed.Cir.1986) (Table); see Fontanilla v. Office of Personnel Management, 34 M.S.P.R. 611, 613 (1987). After reviewing the record, we agree with the ALJ's determination that petitioner has not met this burden and does not qualify for a CSRA annuity.
 
 
 5
 Mr. Ferrer's service in the "Army 'Medical Corps' " appears to have been while a member of the Philippine Resistance Army during World War II. Such military service is not normally creditable under the CSRA. See 5 U.S.C. § 8333(a) (1988); Tirado v. Department of the Treasury, 757 F.2d 263, 264-65 (Fed.Cir.1985).
 
 
 6
 In McGrath v. Office of Personnel Management, 32 M.S.P.R. 235, 238, aff'd, 829 F.2d 43 (Fed.Cir.1987) (Table), the Board set out the applicable standards for CSRA entitlement and military service, stating that unless falling under one narrow exception, military service alone cannot be used to establish eligibility for a civilian annuity. The one exception, as explained in McGrath, provides that if an applicant leaves a covered civilian position in wartime to serve in the Armed Forces, his military service can be credited as civilian service for the purposes of a retirement annuity. Because Mr. Ferrer is basing a claim on military service in the "Army 'Medical Corps,' " having offered no evidence of any prior covered civilian service, this exception does not apply. Thus, Mr. Ferrer's time in the "Army 'Medical Corps' " is not creditable civilian service which counts toward qualification for a CSRA annuity.
 
 
 7
 Mr. Ferrer claims to have been a civilian employee of the United States Navy. Assuming that is true and that he served the more than six years that he claimed in his petition, Mr. Ferrer may have accumulated the required amount of time in creditable civilian service. However, regardless of whether or not Mr. Ferrer's service may have been creditable, he has not submitted any evidence on the issue of CSRA coverage of his position with the Navy. The Board stated that Mr. Ferrer had not provided "any record of Federal employment ..., and there is no evidence that the appellant was ever appointed to a Federal position of any sort, or that he was ever an employee of the United States in any way." Thus, OPM correctly held that Mr. Ferrer's claimed civilian service with the United States Navy does not provide a basis for his deferred CSRA annuity.
 
 
 8
 Likewise, Mr. Ferrer did not introduce any evidence as to the nature of his employment with the Marianas Stevedoring Co., Inc. Whether or not this organization is a Government contractor as the Government surmises, Mr. Ferrer has not adduced any evidence concerning the creditability of his employment at Marianas nor whether his position was covered by the CSRA. Because petitioner bears the burden to produce evidence to support his annuity claim--a burden Mr. Ferrer has not met here--the Board correctly affirmed OPM's denial of his annuity claim.