Isidra M. TIZO, Petitioner,

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
Respondent.

No. 02–3330.

United States Court of Appeals,
Federal Circuit.

April 8, 2003.

Rehearing Denied June 4, 2003.

Isidra M. Tizo, of Zambales, PH, pro se.

Monica J. Palko, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, for respondent. With her on the brief were Robert D. McCallum, Jr., Assistant Attorney General; David M. Cohen, Director; and Todd M. Hughes, Assistant Director.

Before BRYSON, GAJARSA, and PROST, Circuit Judges.

BRYSON, Circuit Judge.

Isidra Tizo appeals from a final decision of the Merit Systems Protection Board affirming the decision of the Office of Personnel Management ("OPM") that Ms. Tizo is not eligible for a survivor annuity based upon the federal civil service of her late husband, Jimmy Tizo. Because substantial evidence supports the Board's finding that Mr. Tizo did not die while in covered service and was not eligible for a retirement annuity, we affirm.

## I

The record in this case reflects that Mr. Tizo served in federal civil service positions on four occasions. From October 20, 1948, until January 31, 1949, Mr. Tizo served under an excepted appointment and deposited part of his pay from that position into the Civil Service Retirement and Disability Fund. Beginning in April 1965, Mr. Tizo served in three other excepted positions: as an electrician for about nine months, as a messman for less than a month, and as a wiper for about six months. The term of the service appointment for each of those positions was one year or less, and in none of those positions did Mr. Tizo serve the full term of the appointment. There is no record of subsequent service after Mr. Tizo resigned from his position as a wiper on August 24, 1966.

Following Mr. Tizo's death, Ms. Tizo sought a survivor annuity based on her husband's federal civil service. When OPM denied her claim, she appealed to the Board. The Board found that Mr. Tizo's service from October 20, 1948, until January 31, 1949, constituted both "creditable" and "covered" service, but that it did not satisfy the five years of creditable federal service required for eligibility for a Civil Service Retirement System ("CSRS") annuity. As to Mr. Tizo's later periods of service, the Board found that each of those appointments was limited to one year or less and thus, under OPM regulations, did not constitute "covered" service for purposes of establishing eligibility for a CSRS annuity. The Board therefore concluded that Mr. Tizo was not eligible for a retirement annuity and that Ms. Tizo accordingly was not eligible for a survivor annuity.

## II

In the 1942 amendments to the Civil Service Retirement Act, Congress provided that in order to be eligible for a CSRS annuity an employee must have completed at least five years of creditable service. Act of Jan. 24, 1942, Pub.L. No. 77–411, § 7, 56 Stat. 13, 16. On February 28, 1948, Congress amended the Act to further specify that a federal employee "must have served for a total period of not less than five years exclusive of ... military or naval service before he shall be eligible for an annuity under this Act." Act of Feb. 28, 1948, Pub.L. No. 80–426, § 7, 62 Stat. 48, 52. In 1954, Congress continued to require that an employee complete at least five years of civilian service to qualify for a

CSRS annuity, and it added the requirement that the employee perform at least one year of civilian service "during which he is subject to [the Civil Service Retirement Act] within the last two years before separation from service." Act of Aug. 31, 1954, Pub.L. No. 83–730, 68 Stat. 1004, 1005. Those requirements have been part of the Civil Service Retirement Act ever since. See 5 U.S.C. § 8333.

Since 1920 Congress has authorized OPM and its predecessors to exclude certain categories of employees from coverage under the Civil Service Retirement Act. 5 U.S.C. § 8347(g); *Rosete v. Office of Pers. Mgmt.*, 48 F.3d 514, 516–19 (Fed.Cir.1995). Regulations promulgated by OPM and its predecessors have excluded employees with temporary appointments from CSRS coverage at least since 1956. See 5 C.F.R. §§ 831.201(a)(1), (13); *see also Rosete*, 48 F.3d at 516–19.

The record shows that Mr. Tizo served in a civilian position for a little more than three months between 1948 and 1949. Although both parties agree that that period of service was "covered" service, i.e., service that was subject to the Civil Service Retirement Act, that period of service is not sufficient, standing alone, to satisfy the five years of civilian service necessary to qualify for a CSRS annuity in 1949.

■ Ms. Tizo asserts that her husband's military service should be counted toward the five-year requirement. Although the record is somewhat unclear as to the circumstances of Mr. Tizo's military service, the Board found that Mr. Tizo retired from the military, and we accept that finding. Even if Mr. Tizo's military service began before his first civil service appointment, any military service preceding his 1948 appointment would not have entitled him to retirement benefits. See 5 U.S.C. § 707 (1946) (benefits "shall be computed from the date of original employment ... in the civil service of the United States").

Under the version of the statute that was in effect when Mr. Tizo separated from his civil service position in 1949, civil servants were required to meet the five-year service requirement "exclusive of" military service. Act of Feb. 28, 1948, Pub.L. No. 80–426, § 5, 62 Stat. 48, 50–51. Therefore, any military service following that period of civilian service would not count toward the five-year requirement for annuity eligibility. Because Mr. Tizo could only credit about three months of civilian service toward the five-year requirement, he did not qualify for an annuity upon his separation from the civil service in 1949.

■ Mr. Tizo's later periods of service were all subject to temporary appointments of less than one year, and at the time of those periods of service, civil service regulations disqualified temporary appointments of one year or less from CSRS coverage. See *Rosete*, 48 F.3d at 516–19. Accordingly, we find no error in the Board's determination that none of Mr. Tizo's civilian service after 1954 was "covered" service that was subject to the Civil Service Retirement Act. Furthermore, any military service by Mr. Tizo after 1954 would not qualify as "covered" service for purposes of establishing eligibility for a CSRS annuity, nor would it count toward the five years of "civilian service" that is a statutory prerequisite for a CSRS retirement annuity. See *Tirado v. Dep't of the Treasury*, 757 F.2d 263, 264–65 (Fed.Cir. 1985).

In sum, the record supports the Board's conclusion that Mr. Tizo never accumulated the five years of creditable service that has been required since 1942, and he accumulated only three months of "covered" service, i.e., the period from late 1948 to early 1949. For that reason, he never had the one year of "covered" service that was

required after 1954. The Board therefore correctly held that Ms. Tizo is not eligible for a survivor annuity based on her husband's civil service.

No costs.

*AFFIRMED.*