NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3166

AGNES C. DIAZ,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED: September 11, 2006

_____

Before LOURIE, Circuit Judge, PLAGER, Senior Circuit Judge, and RADER, Circuit Judge.

PER CURIAM.

The Office of Personnel Management (OPM) denied Agnes C. Diaz's application for a survivor annuity under the Civil Service Retirement System (CSRS). The Merit Systems Protection Board (Board) affirmed OPM's decision.[1] Because the Board's decision that Ms. Diaz is not entitled to a CSRS survivor annuity is supported by substantial evidence and is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law, we affirm.

---

[1] Diaz v. Office of Pers. Mgmt., No. SF-0831-05-0664-I-1 (M.S.P.B. Sept. 21, 2005) (Initial Decision); Diaz v. Office of Pers. Mgmt., No. SF-0831-05-0664-I-1 (M.S.P.B. Jan. 20, 2006) (Final Order).

Ms. Diaz seeks survivor benefits based on the federal service of her late husband, Emilio A. Diaz. She is eligible for a CSRS survivor annuity only if Mr. Diaz completed five years of "creditable" service and if one of the last two years of service before he retired was "covered" service. See 5 U.S.C. § 8333(a), (b); Rosete v. Office of Pers. Mgmt., 48 F.3d 514, 516 (Fed. Cir. 1995). While most federal government service is creditable, covered service is more limited in scope, requiring an appointment subject to the Civil Service Retirement Act (CSRA) and, typically, the withdrawal of retirement contributions from the employee's pay. Rosete, 48 F.3d at 516.

The administrative record shows that Mr. Diaz worked continuously for the Department of the Navy at Subic Bay in the Philippines from September 1, 1959, to September 18, 1987. Although Mr. Diaz completed more than five years of creditable service, that service was pursuant to a series of indefinite appointments in the excepted service and is excluded from coverage under the CSRA. See 5 C.F.R. § 831.201(a)(13) (excluding from coverage employees serving under indefinite appointments made after January 23, 1955). This conclusion is supported by the SF-50 personnel forms in Mr. Diaz's record, which indicate his retirement coverage as "none," "other," or blank. These forms also reveal that retirement contributions were not withheld from Mr. Diaz's paycheck and state that he was entitled to retirement pay in accordance with a collective bargaining agreement, i.e., a retirement plan other than one covered by the CSRA.

Ms. Diaz contends on appeal that the Administrative Judge failed to consider Mr. Diaz's service prior to September 1, 1959, which she alleges is documented in an SF-50 and a property clearance form that were not included in the record before the Board.

06-3166                                    2

Even if we were to consider those additional documents, which ordinarily we would not do, the Board's conclusion that Ms. Diaz was not entitled to a CSRS survivor annuity remains correct.

The newly submitted property clearance form appears to show that Mr. Diaz separated from federal service on August 28, 1959. Because that alleged separation occurred after August 31, 1954, Ms. Diaz is eligible for an annuity based on this earlier period of Mr. Diaz's service only if one of the last two years of service before the August 28, 1959, separation was covered by the CSRA. See Tizo v. Office of Pers. Mgmt., 325 F.3d 1378, 1379-80 (Fed. Cir. 2003) (stating that Congress added the "covered" service requirement effective Aug. 31, 1954).

The newly submitted SF-50, however, indicates that Mr. Diaz's federal service beginning on Dec. 14, 1954, was pursuant to an indefinite appointment in the excepted service. Although indefinite appointments during this time period were not excluded from CSRA coverage by regulation, they were excluded from coverage by a series of Executive Orders. See Casilang v. Office of Pers. Mgmt., 248 F.3d 1381, 1382-83 (Fed. Cir. 2001). Therefore, Ms. Diaz has not established that any of Mr. Diaz's service prior to September 1, 1959, was "covered" service, and thus she is not eligible for a survivor annuity based on this earlier period of Mr. Diaz's service.

We have considered Ms. Diaz's other arguments and find them to be without merit. Because the Board's decision that Ms. Diaz is not entitled to a CSRS survivor annuity is supported by substantial evidence and is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law, we affirm. See 5 U.S.C. § 7703(c).

06-3166                                    3