NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3421


ERNESTO G. OMELIS,

                                        Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

                                        Respondent.


<u>Ernesto G. Omelis</u>, of Philippines, pro se.

<u>John S. Groat</u>, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were <u>Peter D. Keisler</u>, Assistant Attorney General, <u>David M. Cohen</u>, Director, and <u>Franklin E. White, Jr.</u>, Assistant Director.

Appealed from:  United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2006-3421

ERNESTO G. OMELIS,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  March 9, 2007

_____

Before RADER, Circuit Judge, PLAGER, Senior Circuit Judge, and LINN, Circuit Judge.

PER CURIAM.

Ernesto G. Omelis ("Omelis") appeals from a decision of the Merit Systems Protection Board ("Board"), Omelis v. OPM, No. SF-0831-06-0305-I-1 (M.S.P.B. June 1, 2006) ("Initial Decision"), which became the final decision of the Board after the Board denied Omelis's petition for review, Omelis v. OPM, No. SF-0831-06-0305-I-1 (M.S.P.B. Aug. 9, 2006).  In the initial decision, the administrative judge ("AJ") sustained a denial of Omelis's application for survivor benefits by the Office of Personnel Management.  Because the Board's decision is in accordance with law and does not otherwise contain reversible error, we affirm.

Under 5 U.S.C. § 7703(c), "our scope of review in an appeal from a decision of the Board is limited.  Specifically, we must affirm the Board's decision unless we find it

to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence." Abell v. Dep't of the Navy, 343 F.3d 1378, 1382-83 (Fed. Cir. 2003). "The petitioner bears the burden of establishing error in the Board's decision." Harris v. Dep't of Veterans Affairs, 142 F.3d 1463, 1467 (Fed. Cir. 1998).

Omelis's argument that the AJ failed to consider his father's civilian service record is not supported by the record or the AJ's decision, which addressed the service record but found that it failed to establish eligibility for survivor benefits. Initial Decision, slip op. at 4-5. The AJ's finding that Omelis's father did not complete any amount of creditable service is supported by substantial evidence. See 5 U.S.C. § 7703(c). We therefore are not persuaded by Omelis's argument that the AJ misapplied the law; the relevant versions of the Civil Service Retirement Act all require at least some amount of creditable service. See Tizo v. OPM, 325 F.3d 1378, 1379-80 (Fed. Cir. 2003). Finally, Omelis's argument based on the Federal Employee's Group Life Insurance fails because, as the AJ correctly held, the Board lacks jurisdiction over such a claim. Lewis v. MSPB, 301 F.3d 1352,1354 (Fed. Cir. 2002). Accordingly, we affirm.

COSTS

No costs.