NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3252

ANICITO A. TOMBOC,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Anicito A. Tomboc, of Pangasinan, Philippines, pro se.

Robert C. Bigler, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Franklin E. White Jr., Assistant Director.  Of counsel was Wade M. Plunkett, Office of Personnel Management, of Washington, DC.

Appealed from:  Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2009-3252

ANICITO A. TOMBOC,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in SF0831090028-I-1.

_____

DECIDED:  December 11, 2009

_____

Before RADER, PLAGER, and PROST, Circuit Judges.

PER CURIAM.

Petitioner Anicito A. Tomboc ("Mr. Tomboc") appeals from the final decision of the Merit Systems Protection Board ("Board"), which affirmed the Office of Personnel Management's ("OPM") decision and denied his claim for a retirement annuity under the Civil Service Retirement Act of 1942 ("CSRA").  We affirm.

BACKGROUND

OPM determined that Mr. Tomboc, who had worked for the Department of the Navy sixty years prior, only had "[one] year, [one] month, and eleven days of potentially creditable service," which is short of the requirement of five years of civilian service. Upon review, the administrative judge determined that Mr. Tomboc provided records

supporting that he had "[four] years, [four] months and [six] days of creditable civil service." Further, the administrative judge determined that even if Mr. Tomboc's work as a ward boy was added to give him more than five years of creditable service, Mr. Tomboc still would not be eligible for an annuity because the position he held when he left the federal service was not covered by the CSRA. Thus, the administrative judge held that Mr. Tomboc was ineligible for an annuity under the CSRA because Mr. Tomboc had failed to show that he had five years of creditable service or that he was in a covered position at the time of his separation. After the full Board denied Mr. Tomboc's petition for review, making the initial decision final, he appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

On appeal, Mr. Tomboc asserts that he has the requisite five years minimum creditable civilian service with the federal government and the CSRA covered his last position prior to his separation from the civil service. We may set aside a decision of the Board only when it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c)(1)-(3). To be eligible for a civil service retirement annuity, a government employee must (1) complete at least five years of creditable service, and (2) at least one of the two years prior to separation must be covered service, which means service that is subject to the CSRA. 5 U.S.C. § 8333; Tizo v. Office of Pers. Mgmt, 325 F.3d 1378, 1379 (Fed. Cir. 2003).

First, Mr. Tomboc argues that he worked for the requisite five years of creditable service. He asserts that this is clear from the records presented. We do not agree. Based on our review of the records, the Board's decision that Mr. Tomboc did not complete at least five years of creditable service is neither arbitrary or capricious nor unsupported by substantial evidence. Because he did not demonstrate the first of the two statutory required elements, he is not entitled to benefits under the CSRA.

For completeness, however, we address Mr. Tomboc's second argument. Mr. Tomboc contends that his last position before his departure from the civil service was a "covered" position even though no deductions for retirement benefits were withheld from his pay. He argues that a failure to withhold money is not evidence of whether a position is covered. Conversely, the government asserts that "[t]he absence of deductions is an indication that the employee was not serving in a covered position." Quiocson v. Office of Pers. Mgmt., 490 F.3d 1358, 1360 (Fed. Cir. 2007). While the absence of deductions is an indication, it is not necessarily dispositive. In this case, however, Mr. Tomboc does not present any evidence that he did work at least one year in a covered position within two years prior to his separation. Thus, he does not satisfy the second statutory requirement for receiving retirement benefits under the CSRA.

Therefore, Mr. Tomboc has not established that he satisfies the two requirements for obtaining an annuity under the CSRA, the Board misapplied the law, or that the Board's decision is not supported by substantial evidence. Consequentially, the final decision of the Board is affirmed.

## COSTS

Each party shall bear its own costs.