NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ELIZABETH ARAGON,**
*Petitioner,*

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2010-3078

---

Petition for review of the Merit Systems Protection Board in case no. SF0831090824-I-1.

---

Decided: January 19, 2011

---

ELIZABETH ARAGON, of San Juan, Philippines, pro se.

WILLIAM J. GRIMALDI, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and ALAN J. LO RE, Assistant Director.

---

Before NEWMAN, MAYER, and BRYSON, *Circuit Judges.*

PER CURIAM.

Elizabeth Aragon appeals a decision of the Merit Systems Protection Board affirming the reconsideration decision of the Office of Personnel Management ("OPM") that denied her application to make a deposit under the Civil Service Retirement System ("CSRS"). *See Aragon v. Office of Pers. Mgmt.*, No. SF-0831-09-0824-I-1, 2009 MSPB LEXIS 7359 (MSPB Nov. 5, 2009). We *affirm*.

Mrs. Aragon seeks CSRS survivor benefits based upon the federal service of her late husband, Saturnino Aragon, Jr. In December 1954, Mr. Aragon received an excepted indefinite appointment to a position with the Navy's public works department. He served in that position until his resignation in December 1959. The Standard Form 50 issued in connection with his appointment indicates that he was not covered by the CSRS.

On May 25, 1966, Mr. Aragon received an excepted indefinite appointment to another position with the Navy. He served in this position until his death in 1989. The Standard Form 50 issued in connection with this appointment specifically states that Mr. Aragon's position was in the excepted service, rather than the competitive service, and that he had no retirement coverage.

As the board correctly determined, Mrs. Aragon has no right to make a CSRS deposit because her husband was not covered by the CSRS. Her late husband's positions with the Navy were excepted indefinite appointments and such positions are not eligible for CSRS retirement benefits. *See Carreon v. Office of Pers. Mgmt.*, 321 F.3d 1128, 1131 (Fed. Cir. 2003).

"Since 1920 Congress has authorized OPM and its predecessors to exclude certain categories of employees

from coverage under the Civil Service Retirement Act." *Tizo v. Office of Pers. Mgmt.*, 325 F.3d 1378, 1381 (Fed. Cir. 2003) (citing 5 U.S.C. § 8347(g)). As we explained in *Rosette v. Office of Pers. Mgmt.*, OPM is authorized by statute to exclude persons serving under indefinite appointments from eligibility for CSRS benefits. 48 F.3d 514, 518-19 (Fed. Cir. 1995). Even where an individual is employed by the federal government for many years, he is not eligible for CSRS benefits if he was appointed to his position under an excepted indefinite appointment. *See id.* (concluding that an employee who served under an indefinite appointment for nearly twenty-six years was not eligible for CSRS benefits). Because Mr. Aragon's federal service was rendered exclusively under excepted indefinite appointments, Mrs. Aragon is not entitled to make a deposit for purposes of obtaining CSRS retirement benefits.

On appeal, Mrs. Aragon argues that spouses of federal employees who die while employed by the government are entitled to CSRS benefits under 5 U.S.C. § 8333(b). This argument is foreclosed by our decision in *Quiocson v. Office of Pers. Mgmt.*, 490 F.3d 1358, 1360 (Fed. Cir. 2007). There we explained that section 8333(b) waives the requirement that an employee covered by the CSRS complete one year of covered service within the two-year period before his separation from government employment in situations where an employee dies or becomes disabled. *Id.* This provision does not, however, eliminate the requirement that the surviving spouse of a government employee may receive CSRS retirement benefits only if that employee was covered by the CSRS. *Id.*

We have considered Mrs. Aragon's remaining arguments, but find them unpersuasive.

No costs.