NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN D. MAIERS,**
*Petitioner,*

v.

**DEPARTMENT OF HEALTH AND HUMAN SERVICES,**
*Respondent.*

---

2012-3184

---

Petition for review of the Merit Systems Protection Board in No. DC4324110851-I-1.

---

Decided: April 8, 2013

---

JOHN D. MAIERS, of Silver Spring, Maryland, pro se.

K. ELIZABETH WITWER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were STUART F. DELERY, Principal Deputy Assistant Attorney General, JEANNE E. DAVIDSON, Director, and REGINALD T. BLADES, JR., Assistant Director. Of counsel on the brief was TRENTON BOWEN, Attorney,

United States Department of Health and Human Services, of Washington, DC.

_____

Before RADER, *Chief Judge,* LOURIE, and O'MALLEY,
*Circuit Judges.*

PER CURIAM.

Mr. John D. Maiers ("Maiers") appeals from a decision of the Merit Systems Protection Board ("the Board") denying his claim under 38 U.S.C. § 4311, a provision of the Uniform Services Employment and Reemployment Rights Act ("USERRA"). The Board held that the Department of Health and Human Services ("HHS") did not violate § 4311—which prohibits the denial of employment benefits on the basis of an employee's military service—when HHS enrolled Maiers in the Federal Employees Retirement System ("FERS") rather than the Civil Service Retirement System ("CSRS"). Because the Board correctly determined that Maiers did not qualify for enrollment in CSRS and, thus, did not establish the elements of his USERRA claim, we *affirm*.

BACKGROUND

Maiers served in the United States Army from September 1969 to June 1971, totaling one year and nine months of military service. Between 1971 and 1979, Maiers held a variety of positions in federal civilian service, accumulating four years and nine months of civilian service. In September 2010, Maiers returned to government service and obtained his current position with the Food and Drug Administration ("FDA"), a division of HHS. When hired, FDA enrolled Maiers in FERS.

Soon after his enrollment, Maiers emailed the FDA human resources office, arguing that he should have been enrolled in the CSRS offset program ("CSRS Offset") instead of FERS. An FDA human resources employee

contacted him by letter and explained that he was not eligible for CSRS Offset because he did not have the five years of civilian civil service required for CSRS eligibility.

Unhappy with this determination, Maiers filed a complaint with the Department of Labor ("Labor") alleging that HHS, by enrolling him in FERS instead of CSRS Offset, violated USERRA because HHS discriminated against his military service by discounting it for CSRS eligibility. In a January 28, 2011 letter, Labor explained to Maiers that CSRS eligibility required five years of creditable *civilian* service prior to December 31, 1986. Labor denied Maiers' complaint in a subsequent letter dated January 31, 2011.

Maiers next requested that his USERRA complaint be referred to the Office of Special Counsel. The Office of Special Counsel declined to represent Maiers before the Board. Nevertheless, Maiers filed an appeal with the Board on August 5, 2011, alleging, among other things, that HHS violated USERRA when it enrolled him in FERS.

## A. The Board's Initial Decision

Before the Board, Maiers argued that HHS had violated USERRA when it enrolled him in FERS instead of CSRS because, by doing so, HHS discriminated against his military service. The Board found that Maiers failed to establish a USERRA violation. To show such a violation, the Board reasoned, Maiers had to make non-frivolous allegations that: (1) he lost a benefit of employment or some other right protected by USERRA, and (2) his military service was a substantial motivating factor in the loss of that right or benefit. To establish that his military service was a substantial motivating factor, Maiers had to establish first that HHS violated the law, according to the Board. Interpreting 5 U.S.C. § 8402(b)(2)(A), the pertinent provision of FERS detailing CSRS eligibility, the Board concluded that HHS was

legally required to enroll Maiers in FERS (not CSRS) because Maiers did not meet the statutory criteria for enrollment in CSRS. Accordingly, since there was no violation of the statute, Maiers' military service could not be a substantial motivating factor in HHS' decision.

Having dismissed Maiers' USERRA claim, the Board determined that it lacked jurisdiction over the remaining claims because Maiers had not filed them with the Office of Personnel Management ("OPM") and OPM had rendered no decision for the Board to review. Furthermore, the Board determined that Maiers could not yet submit a claim under the Federal Erroneous Retirement Coverage Corrections Act because he had not been employed by HHS for three years. The Board accordingly dismissed Maiers' remaining claims.

## B. The Board's Final Decision

Maiers filed a request for the full Board to review the Board's initial decision. In his request, Maiers argued that: (1) the initial decision's interpretation of FERS violates USERRA; (2) the initial decision suffered from numerous procedural problems, including improper dismissal for lack of jurisdiction, improper reliance on Labor's findings, and failure by the administrative judge to clearly articulate his findings; and (3) the administrative judge failed to apply this court's holding in *Butterbaugh v. Department of Justice*, 336 F.3d 1332, 1336 (Fed. Cir. 2003) (holding that the correct inquiry under 38 U.S.C. § 4311 is whether employees were denied a benefit of employment, not whether the military service was a substantial motivating factor, for cases in which the benefits at issue are only available to the military).

The Board affirmed the initial decision because the administrative judge correctly found that Maiers did not meet the statutory requirements for CSRS eligibility and failed to demonstrate that HHS incorrectly applied the law. The Board also concluded that the administrative

judge's failure to cite *Butterbaugh* did not render the decision any less correct. Finally, the Board dismissed Maiers' procedural arguments because, in its view, they lacked merit.

Maiers appeals the Board's decision to this court. On appeal, Maiers argues that: (1) the Board incorrectly interpreted 5 U.S.C. § 8402(b)(2)(A), which provides the pertinent CSRS eligibility requirements, to require five years of civilian service; (2) USERRA trumps prior federal law to the extent that law conflicts with USERRA; and (3) under *Butterbaugh,* the Board erred in requiring Maiers to show that his military service was a substantial motivating factor for HHS's decision.

## LEGAL STANDARD

The court "shall review the record and hold unlawful and set aside any agency action, findings, or conclusions found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). The Board's interpretation of a statute is a determination of law that we review de novo on appeal. *See Marano v. Dep't of Justice*, 2 F.3d 1137, 1141 (Fed. Cir. 1993).

## DISCUSSION

As this case largely turns on the correct interpretation 5 U.S.C. § 8402(b)(2)(A), we begin with a discussion of the statutory scheme. In 1920, Congress established CSRS as a retirement system for certain federal employees. CSRS was subsequently replaced by FERS in 1986 for federal employees, effective on January 1, 1987. *See* FERS Act of 1986, Pub. L. No. 99-335, 100 Stat. 514 (1986). Certain employees in service prior to that date could opt out of FERS, however, and seek to remain covered under CSRS. *See* 5 U.S.C. § 8331(1)(L)(x); *Conner v. Office of Pers.*

*Mgmt*, 104 F.3d 1344, 1346 (Fed. Cir. 1997). FERS explicitly outlines the employees that are so eligible in a section specifying the employees to which FERS "shall not apply." 5 U.S.C. § 8402(b). Thus, a federal employee must meet one of these exceptions to FERS coverage to seek coverage under CSRS.

The exception in dispute here is found in § 8402(b)(2)(A). It can be satisfied, among other ways, by an employee "having been subject to subchapter III of chapter 83 of this title" and "having completed at least 5 years of civilian service creditable under subchapter III of chapter 83 of this title." 5 U.S.C. § 8402(b)(2)(A). "[S]ubchapter III of chapter 83 of this title" contains provisions detailing the CSRS system. *See* 5 U.S.C. §§ 8331-51. Accordingly, for an employee to be eligible for CSRS after the institution of FERS, he or she must have previously been subject to CSRS and have had at least five years of creditable civilian service under CSRS. *See Conner*, 104 F.3d at 1348.

Turning to Maiers' claim, we agree with the Board that he is ineligible for CSRS coverage because he lacks five years of creditable "civilian service." Maiers argues that creditable "civilian service" should include prior military service because § 8332 allows military service sometimes to be creditable under CSRS. Allowing military service to be creditable in some situations but not others, he contends, would be inconsistent. We are not persuaded.

In cases involving the construction of a statutory provision, the starting point is always the language of the statute itself. *See Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 197 (1976). The pertinent provision here requires five years of "civilian service." 5 U.S.C. § 8402(b)(2)(A)(ii)(I). The plain meaning of the word "civilian" is "of or relating to civilians; not in or of the armed forces; non-military." *civilian*, OXFORD ENGLISH

DICTIONARY, http://www.oed.com/view/Entry/33577? redirected%20From=civilian#eid (last visited Mar. 27, 2013). Plainly, Maiers' military service is insufficient to make him eligible for CSRS coverage.

Our case law fully supports this interpretation of CSRS and, in analogous circumstances, explicitly rejects Maier's argument. In *Tirado v. Dep't of Treasury*, 757 F.2d 263 (Fed. Circ. 1985), we analyzed § 8337(a), a provision of CSRS that requires five years of civilian service for disability retirement eligibility. *See* 757 F.2d at 264-65. We rejected the argument that military service creditable under § 8332 for the purpose of calculating the proper annuity should also count as civilian service to meet the eligibility requirements of § 8337(a). *Id.* at 265. We explained that the five-year civilian service requirement is a "threshold standard of eligibility" and only if this threshold standard is met could military service be counted to determine the appropriate annuity. *Id.* "Congress obviously wanted only those individuals with a minimum of federal *civilian* service to be entitled to a federal civil service annuity." *Id.*; *see also Tizo v. Office of Pers. Mgmt*, 325 F.3d 1378, 1380 (Fed. Cir. 2003) (holding that, under the 1948 version of CSRS, "civil servants were required to meet the five-year service requirement 'exclusive of' military service.") (citing Pub. L. No. 80-426, § 5, 62 Stat. 48, 50-51); *Villanueva v. Office of Pers. Mgmt*, 980 F.2d 1431, 1432-33 ("[The] contention that . . . military and civilian service should be combined is . . . expressly precluded by the [Civil Service Retirement Act of 1948].").

Maiers attempts to distinguish our case law by arguing that, in those cases, we interpreted sections of CSRS itself, not the section of FERS that currently governs CSRS eligibility. This distinction is of no moment. Our prior case law interpreted the requirements for CSRS eligibility, which at that time were outlined in provisions of CSRS. We are again analyzing similar requirements for CSRS eligibility, but those requirements are now

housed in FERS, among other places. We can appropriately take guidance from this precedent.[1]

Maiers next argues that USERRA supersedes federal retirement law and requires that he be allowed to count his military service toward CSRS's five-year requirement. It is a "cardinal principle of statutory construction that repeals by implication are not favored." *U.S. v. United Cont'l Tuna Corp.*, 425 U.S. 164, 168 (1976). The relevant section of USERRA, 38 U.S.C. § 4302, expressly states that USERRA supersedes state law, but makes no mention of federal law. *See* 38 U.S.C. § 4302(b). We see no reason to find that USERRA implicitly supersedes all federal retirement law. *See Butterbaugh*, 336 F.3d at 1336 n.3 ("We find no indication that Congress intended to blot out the military leave statutes when it passed USERRA.").[2]

---

[1] Maiers also argues that HHS should wait to determine his CSRS eligibility because, in just a few more months, he would have the required five years of civilian service. But § 8402(b)(2)(A) requires that the five years of service be completed prior to the employee's reemployment into government service. *See Connor*, 104 F.3d at 1348 ("Subsection (b)(2)(A) requires employees who have returned to government service after an absence to *have had* five years of creditable service . . . .") (emphasis added).

[2] Somewhat relatedly, Maiers also argues for the first time in his reply brief that the Equal Protection Clause of the Fifth Amendment requires that his military service count towards CSRS's five year requirement. We refuse to consider this argument, however, as "[i]t is well settled that an appellant is not permitted to make new arguments that it did not make in its opening brief." *Pieczenik v. Dyax Corp.*, 265 F.3d 1329, 1332-33 (Fed.

Having determined that Maiers is not eligible for CSRS, his USERRA claim falls apart. A claim under 38 U.S.C. § 4311 of USERRA requires the claimant to show that he was (1) denied a benefit of employment and (2) his military service was a substantial motivating factor for the denial. *See Sheehan v. Dep't of Navy*, 240 F.3d 1009, 1013 (Fed. Cir. 2001). The administrative judge determined that Maiers' military service was not a substantial motivating factor in HHS's decision to enroll him in CSRS because HHS was required by federal law to do so. As discussed above, we agree that HHS was so required. But, Maiers argues that the administrative judge erred by failing to apply this court's holding in *Butterbaugh*, which he argues obviates the motivation requirement.

In *Butterbaugh*, we determined that claimants need not show that their military service was a substantial motivating factor when the benefits at issue were only available to those in military service. *See Butterbaugh*, 336 F.3d at 1336. Instead, in those situations, we take up just the first inquiry of the USERRA analysis; namely, whether the claimant was "denied a benefit of employment." *Id.* But, we noted that claimants "cannot claim they were denied a benefit of employment" if they were given the full benefits that the relevant statutes demands. *Id.*

Here, under the relevant statute, Maiers is not eligible for CSRS coverage. So even under this court's holding in *Butterbaugh*, Maiers' USERRA claim fails. Furthermore, the Board did not err by conducting its analysis under *Sheehan* instead of *Butterbaugh*. *Butterbaugh* only eliminates the substantial motivating factor requirement when the benefits at issue are available only to those in military service. CSRS is available to civilian government

_____

Circ. 2001) (refusing to consider arguments made by pro se appellant at oral argument).

employees as well as military service personnel. Accordingly, the Board correctly applied *Sheehan* to resolve Maiers' claim by finding that he failed to show that his military service was a substantial motivating factor in the denial of a benefit.

CONCLUSION

The Board correctly determined that Maiers was not eligible for CSRS coverage and that Maiers, thus, failed to establish the elements of a successful USERRA claim. The Board's dismissal of the present appeal is therefore *affirmed*.

**AFFIRMED**