NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
Is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3058

JASON M. SUMRALL,

Petitioner,

v.

DEPARTMENT OF THE AIR FORCE,

Respondent.

_____

DECIDED: May 9, 2005

_____

Before MICHEL, RADER, and BRYSON, Circuit Judges.

PER CURIAM.

The Merit Systems Protection Board (Board) dismissed Jason Sumrall's case as settled. Sumrall v. Dep't of Air Force, No. DA-0752-99-0240-B-1 (M.S.P.B. 2004). Because the petitioner did not present any new evidence to the full Board or show an error interpreting a law or regulation, this court affirms.

I.

After the Air Force notified Mr. Sumrall of a proposal to remove him from his federal position for being absent without leave and for failing to follow proper leave procedures in September 1998, he entered into a last chance agreement with the Air Force on October 15, 1998. The Air Force agreed to reinstate Mr. Sumrall, who in turn agreed to follow the rules regarding leave and attendance, and the condition that "any

additional instances of failure to follow the rules regarding leave and attendance . . . could result in reinstatement of the removal action being held in abeyance." Mr. Sumrall further agreed to waive his appeal rights, including his right of appeal to the Board if he violated any provision of the last chance agreement.

On February 9, 1999, the Air Force removed Mr. Sumrall from his position for violating the last chance agreement. Mr. Sumrall appealed the removal action to the Board, but the Board dismissed his appeal on June 7, 1999, for lack of jurisdiction. The administrative judge determined that Mr. Sumrall had waived his appeal rights when he entered into the last chance agreement. The Board denied Mr. Sumrall's petition for review but reopened the appeal on its own motion and remanded the case for a jurisdictional hearing. On June 6, 2000, the day scheduled for the jurisdictional hearing, the parties settled the case and the administrative judge dismissed the case as settled. Without any determination on the jurisdictional issues, the administrative judge did not accept the parties' settlement agreement into the record for enforcement purposes.

The decision contained a notice to Mr. Sumrall that he could request review by the Board if he considered the settlement to be unlawful, involuntary, or the result of fraud or mutual mistake. On May 19, 2003, Mr. Sumrall sent a document concerning a workers' compensation claim to the Board, which was treated by the Board as a petition for review as it referenced the settlement agreement. The Board informed the petitioner that his motion was untimely and that he needed to show good cause for the late filing. After he and the Air Force responded, the Board issued a Final Order on September 23, 2004, dismissing the case without determining the issue of timeliness and finding Mr.

Sumrall had not met the necessary standard for a petition for review provided for in 5 C.F.R. § 1201.115 (2005).

Mr. Sumrall now argues that the Air Force breached the settlement agreement when it failed to enter his payroll information in a timely manner. Furthermore, he alleges that the Board's decision was wrong because the Board failed to consider his mental disability and his two failed attempts at suicide in March 2001.

## II.

This court must affirm any agency action, finding, or conclusion unless it is: (1) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedure required by law, rule, or regulations having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Hayes v. Dep't of Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984). Under this standard of review, a court will not overturn an agency decision if it is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Brewer v. United States Postal Serv., 647 F.2d 1093, 1096 (Ct. Cl. 1981) (citing Consol. Edison Co. v. Nat'l Labor Relations Bd., 305 U.S. 197, 229 (1938)).

The Board treated Mr. Sumrall's workers' compensation claim as a petition for review. The Board may grant a petition for review only when significant new evidence is presented that was not available for consideration earlier or when the administrative judge based his or her decision on an error of law. 5 C.F.R. § 1201.115 (2005).

The petitioner alleges that the Board did not take into consideration that the Air Force did not timely reinstate his pay, which caused him to receive his first paycheck late. However, as the paycheck was due only on July 21, 2000, the delay occurred after

the settlement agreement and after the administrative judge's initial decision dismissing his appeal on June 6, 2000. Because the settlement agreement had not been entered into the record, the Board correctly determined that it did not have jurisdiction over its enforcement and therefore did not address that issue. 5 C.F.R. § 1201.41(c)(2)(ii) (2005).

In this case, the Board's role was limited to determining whether the settlement agreement was valid. Amin v. Merit Sys. Prot. Bd., 951 F.2d 1247, 1252 (Fed. Cir. 1991). Mr. Sumrall fails to present any new evidence or show that the Board made an error of law when it determined that the parties had entered into a valid settlement agreement.

Furthermore, the petitioner's allegations that the Board did not take into consideration his mental state and his attempts to commit suicide do not warrant a different result. Mr. Sumrall did not present any evidence of incapacity at the time of the settlement agreement or any other evidence that could support a finding that the settlement agreement was the product of fraud, duress, or mutual mistake, or was otherwise unlawful or involuntary. His arguments pertain only to the question of the timeliness of his petition for review, which was explicitly not addressed by the Board. Therefore, the Board's decision correctly did not grant relief based on Mr. Sumrall's present assertions regarding his mental state and attempted suicide.

Finally, this court finds all other arguments raised by petitioner unpersuasive and, consequently, affirms the Board's decision to deny Mr. Sumrall's petition for review.