**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 23, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

JASON M. SUMRALL,

     Plaintiff - Appellant,

v.

MERIT SYSTEMS PROTECTION
BOARD,

     Defendant - Appellee.

No. 14-6164
(D.C. No. 5:14-CV-00584-C)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

Jason Sumrall, proceeding pro se, appeals the district court's dismissal of his

Americans with Disabilities Act ("ADA") suit under 28 U.S.C. § 1915(e)(2)(B).

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

     * After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

**I**

The facts of this case are explained in detail in <u>Sumrall v. Tinker Air Force Base</u>, No. CIV-07-809-C, 2009 WL 1362599 (W.D. Okla. May 13, 2009) (unpublished) (hereinafter <u>Sumrall v. TAFB</u>). Summarized briefly, Sumrall received a Notice of Proposed Removal from his machinist job at Tinker Air Force Base ("TAFB") on September 18, 1998. <u>Id.</u> at *1. He negotiated a Last Chance Agreement to keep his job, but violated its terms, leading to another removal attempt in February 1999. <u>Id.</u> Sumrall appealed to the Merit Systems Protection Board ("MSPB"), which remanded the case for further proceedings in an April 7, 2000 opinion that acknowledged Sumrall's mental illness.

On June 16, 2000, TAFB agreed to reinstate Sumrall under a second Last Chance Agreement. <u>Id.</u> Sumrall returned to work on July 5, 2000. <u>Id.</u> He did not receive his first paycheck until August 4, 2000. <u>Id.</u> He was unable to obtain a letter from TAFB staff explaining that his paycheck was delayed, which he needed to give a state court judge pursuant to a mediation agreement in a monetary dispute with a former friend. <u>Id.</u> at *1 n.1. Sumrall alleges that this situation caused him severe stress, culminating in a suicide attempt that resulted in him missing work. Because of this and other absences, Sumrall was terminated on May 18, 2001. <u>Id.</u> at *1.

Sumrall has pursued several challenges to his termination. On August 20, 2001,

the MSPB dismissed the appeal of his termination for lack of jurisdiction, and later denied his motion for reconsideration.  Id.  On September 23, 2004, the MSPB denied a separate petition arguing that he was coerced into signing the second Last Chance Agreement.  Id.; see also Sumrall v. Dep't of the Air Force, 130 F. App'x 478 (Fed. Cir. 2005) (unpublished) (affirming MSPB decision).  On April 6, 2005, the Equal Employment Opportunity Commission ("EEOC") dismissed as untimely Sumrall's appeal of the Air Force's conclusion that it had not discriminated against him, and later denied his motion for reconsideration.  Sumrall v. TAFB, 2009 WL 1362599 at *1.  On July 23, 2007, Sumrall filed an ADA complaint against TAFB, which the district court dismissed as untimely.  Id. at *2.

On June 6, 2014, Sumrall filed a new ADA complaint naming the MSPB as the sole defendant.  The district court dismissed it as frivolous, because the MSPB is entitled to judicial immunity and because the complaint was untimely.  Sumrall timely appealed.

**II**

We review a district court's dismissal of a case as frivolous under § 1915 for abuse of discretion.  Fogle v. Pierson, 435 F.3d 1252, 1259 (10th Cir. 2006).  Because Sumrall proceeds pro se, we construe his filings liberally.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Sumrall argues that the MSPB violated the ADA because it did not prevent his termination in May 2001 even though its April 2000 opinion acknowledged his mental

illness.[1]  He also argues that he was discriminated against because no TAFB staff member provided him with a letter explaining that his paycheck was delayed, and that the delay was reprisal discrimination for appealing his removal to the MSPB.[2]  But "[t]he Supreme Court has long recognized that officials in administrative hearings can claim the absolute immunity that flows to judicial officers if they are acting in a quasi-judicial fashion."  Guttman v. Khalsa, 446 F.3d 1027, 1033 (10th Cir. 2006) (citing Butz v. Economou, 438 U.S. 478, 514 (1978)).  The district court thus did not abuse its discretion by concluding that the MSPB and its officers are entitled to absolute immunity from Sumrall's claims.

Sumrall's claims can alternatively be construed as challenging the adverse decisions MSPB rendered against him in August 2001 and September 2004.  But a challenge to the former decision became time barred sixty days after the MSPB rendered its decision.  See 5 U.S.C. § 7703(b)(1).  Because Sumrall appealed the latter decision to

---

[1] Sumrall separately argues that his appeal should be granted because he has lobbied Congress to amend the ADA to protect employees reinstated by MSPB and EEOC decisions referencing their disability.  But courts render decisions based on existing law, not pending legislation.  See Kennedy v. Louisiana, 554 U.S. 407, 431 (2008) (declining to define contemporary norms based on "legislation that has been proposed but not enacted").

[2] Sumrall also raises claims against TAFB staff members on this basis.  We do not reach these claims because neither TAFB nor its staff are named as defendants.

the EEOC, a challenge to it became time barred ninety days after the EEOC's April 2005 decision became final. See 5 U.S.C. § 7702(b); 42 U.S.C. § 2000e-16(c). The district court thus did not abuse its discretion by concluding that Sumrall's claims are untimely and subject to dismissal.

## III

The district court's dismissal is **AFFIRMED**. We **GRANT** Sumrall's motion to proceed in forma pauperis.

Entered for the Court

Carlos F. Lucero
Circuit Judge

-5-