**Ann C. BROWN, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

**No. 89–3038.**

United States Court of Appeals, Federal Circuit.

March 13, 1989.

Unpublished Opinion Issued March 13, 1989.

Published Opinion Issued April 7, 1989.

Ann C. Brown, West Columbia, Tex., pro se.

John E. Kosloske, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., for respondent.

Before MARKEY, Chief Judge, SKELTON, Senior Circuit Judge, and NIES, Circuit Judge.

PER CURIAM.

The decision of the Merit Systems Protection Board (board), 38 M.S.P.R. 357 (1988), affirming as modified the board's initial decision sustaining the Office of Personnel Management's denial of Ann C. Brown's (Brown's) application for death benefits, is affirmed.

OPINION

Brown's argument for entitlement to Federal Employee's Retirement System (FERS) benefits fails because Congress made eligibility for FERS benefits expressly contingent on the completion of at least eighteen months of *civilian* service. *See* 5 U.S.C. § 8442(b)(1) (1982); *cf. Tirado v. Department of the Treasury*, 757 F.2d 263, 264–65 (Fed.Cir.1985) (rejecting similar argument in CSRS disability and non-disability retirement context because those provisions "very specifically" require 5 years of "civilian service" for eligibility).

That section 8442(b)(1) says "civilian service creditable under section 8411" and section 8411(c)(1)(A) allows credit for military service prior to 1957 does not change the basic requirement of section 8442 that creditable service must be civilian service to establish eligibility. That creditable military service counts toward *computation* of a survivor annuity, *see* 5 U.S.C. § 8411(c)(4)(A)(ii) (1982), does not mean that military service establishes *eligibility* for benefits in the first place.

AFFIRMED.