925 F.2d 1480
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Rosario Vda De RAVASCO, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 90-3418.
 United States Court of Appeals, Federal Circuit.
 Jan. 23, 1991.
 
 Before NIES, Chief Judge, COWEN, Senior Circuit Judge, and MAYER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 On reconsideration, the Office of Personnel Management (OPM), denied petitioner's application for survivor benefits under the Civil Service Retirement Act (CSRA). She appealed to the Merit Systems Protection Board (MSPB), which upheld the determination of OPM (MSPB Docket No. SE08319010215). We affirm the decision of the MSPB.
 
 OPINION
 
 2
 Mrs. Ravasco first claimed annuity benefits under the Civil Service Retirement Spouse Equity Act of 1984, (98 Stat. 3201). She reported she was married to Jose N. Ravasco in June, 1937, and that she was not divorced from him at the time of his death in October, 1944. The Board correctly held that she cannot be considered a "former spouse" and is therefore not entitled to annuity under the Spouse Equity Act, because "former spouse" is defined as one whose marriage to the employee was terminated prior to his death. 5 C.F.R. Sec. 831.603.
 
 
 3
 Mrs. Ravasco's second claim is that she is entitled to an annuity on the basis of her husband's military service from August 1943, until his death in October 1944. However, military service is not creditable as civilian service for the purpose of establishing eligibility for a civil service annuity. See Brown v. Office of Personnel Management, 872 F.2d 401, 402 (Fed.Cir.1989). In order to establish eligibility for a survivor annuity, Mrs. Ravasco had the burden of showing that her husband died, either while serving in a position covered by the CSRA after completing 18 months of civilian service, or that he died after having retired under the CSRA and elected a survivor annuity for her. 5 U.S.C. Secs. 8341(b)(1) and (d). Mrs. Ravasco failed to submit any evidence showing compliance with either of these requirements.
 
 
 4
 Finally, Mrs. Ravasco alleged that the Department of the Army had determined that her husband was entitled to pay under the Missing Persons Act for the period from April 1, 1942 through May 14, 1945. Philippine citizens who were federally employed at the time of capitulation to Japan obtained civil service coverage by operation of Executive Order 9154 and the Missing Persons Act. However, Mrs. Ravasco submitted no evidence in support of this contention. The Board correctly held that even if the three-year period covered by her claim should be treated as creditable service, her proof still falls short of showing that Mr. Ravasco completed five years of civilian service. Therefore, he did not quality for a CSRA annuity and she is not entitled to a survivor annuity under 5 U.S.C. Sec. 8341(b).
 
 
 5
 The burden was on Mrs. Ravasco to establish her claim for benefits under the CSRA. See Cheeseman v. OPM, 791 F.2d 138, 140 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987). The record before us shows that the MSPB correctly held that she failed to discharge the burden of proof imposed upon her.