NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROSALIE M. CIESLINSKI,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2015-3030

---

Petition for review of the Merit Systems Protection Board in No. SF-0843-14-0515-I-1.

---

Decided: April 9, 2015

---

ROSALIE M. CIESLINSKI, Balanga City, Bataan, Philippines, pro se.

JEFFREY LOWRY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by JOYCE R. BRANDA, ROBERT E. KIRSCHMAN, JR., FRANKLIN E. WHITE, JR.

---

Before WALLACH, TARANTO, and CHEN, *Circuit Judges.*

PER CURIAM.

Rosalie Cieslinski appeals the decision of the Merit Systems Protection Board ("Board") affirming the decision of the Office of Personnel Management ("OPM") denying Ms. Cieslinski's application for survivor benefits. For the reasons set forth below, this court affirms.[1]

BACKGROUND

Raymond Cieslinski worked as a federal civilian employee from February 1996 to January 2000, at which time he resigned from his position. During his employment, he made contributions into the Federal Employee Retirement System ("FERS"). Mr. Cieslinski did not make a military service deposit into his FERS account, although he would have been eligible to do so based upon his prior military service. Mr. Cieslinski requested a refund of his FERS contributions on October 4, 2000, which he later received. In receiving the refund, he acknowledged that he was forfeiting his annuity rights.

Mr. Cieslinski married Rosalie Cieslinski on June 18, 2005. He passed away on September 7, 2012. Thereafter, Ms. Cieslinski requested annuity benefit payments based on the federal civilian service of Mr. Cieslinski, and completed an application for the Civil Service Retirement System ("CSRS"), "but did not specify . . . that CSRS was the applicable system." Resp't's App. 7.

OPM denied Ms. Cieslinski's request on January 16, 2013, explaining Mr. Cieslinski had received a full refund of his retirement refunds on November 20, 2000. On March 25, 2014, OPM notified Ms. Cieslinski that she

---

[1]    Ms. Cieslinski filed a motion for leave to file an electronic reply brief and "later mail the original." Ms. Cieslinski never mailed the original, and, in any event, the motion is now moot.

should contact its Pennsylvania office in order to inquire about deposits and benefits. OPM's notice "did not convey Board appeal rights, or otherwise state that it was the final decision of OPM." Resp't's App. 8. However, on May 20, 2014, OPM "informed the Board that it did not intend to issue any further decisions on this matter." *Id.* Ms. Cieslinski appealed the decision to the Board. On August 14, 2014, the Board affirmed the agency's decision.

Ms. Cieslinski appeals, and this court has jurisdiction pursuant to 28 U.S.C § 1295(a)(9) (2012).

DISCUSSION

## I. Standard of Review

This court's "scope of . . . review of [B]oard decisions is limited to whether they are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995) (citing 5 U.S.C. § 7703(c) (1988)). The issue of Board jurisdiction is a question of law this court reviews de novo. *Johnston v. Merit Sys. Prot. Bd.*, 518 F.3d 905, 909 (Fed. Cir. 2008). This court is bound by the Administrative Judge's jurisdictional factual findings "unless those findings are not supported by substantial evidence." *Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998).

## II. The Board Correctly Held Ms. Cieslinski Is Not Entitled to FERS Annuity Payments

By statute, a federal employee "must complete at least 5 years of civilian service," to include military service if the employee has made the required deposit (and not taken a refund of that deposit), in order to be qualified to receive a FERS annuity payment. 5 U.S.C. §§ 8410, 8411(c)(3) (2012). Furthermore, a federal employee who, after separating from service, requests and receives a

lump-sum payment of his FERS contributions nullifies "all annuity rights" under FERS. 5 U.S.C. § 8424(a). Here, it is not disputed that Mr. Cieslinski did not have five years of civilian service, and made no payments under 5 U.S.C. § 8334(j) in order to obtain credit for his military service, thus the Board correctly held that he did not qualify for annuity payments.

In any event, even if Mr. Cieslinski qualified under 5 U.S.C. § 8410, he requested and received a refund of his FERS contributions, which nullifies any annuity rights he had. *See* Resp't's App. 33.

Despite this undisputed evidence, Ms. Cieslinski argues "the [Board] has not consider[ed] the widow's [] right to survivor's benefits under 5 U.S.C. § 8341." Pet'r's Br. 2. Section 8341 is not applicable as it refers only to the CSRS system. *See* 5 U.S.C. § 8341. Mr. Cieslinski commenced his federal service in 1996, and his benefits were governed not by CSRS, but its replacement system, FERS. *See* 5 U.S.C. § 8402(b)(2) (discussing the difference between FERS and CSRS).

Relatedly, Ms. Cieslinski also refers to 5 U.S.C. § 8422(i)(1)–(i)(3) in order to argue that she is entitled to make FERS deposits. Pet'r's Br. 1. Those provisions became law in October 2009 and might not apply to this case based on their effective date: under OPM's Benefits Administration Letter No. 11-103 (Feb. 25, 2011), the provisions "only affect annuities that are based on separations on or after October 28, 2009"; Mr. Cieslinski separated from federal employment well before that date. In any event, § 8422(i) permits the survivor only of "an employee" to make deposits. The term "employee" refers to current employees, not former employees. 5 U.S.C. § 8401(2) (defining "annuitant" as "former employee," thus distinguishing "employee"). This result for survivors accords with congressional understanding that former employees themselves may deposit refunded contributions

only "upon reemployment with the Federal Government." H.R. Rep. No. 111-288, at 865 (2009). Mr. Cieslinski was not an employee at the time of his death.

Second, Ms. Cieslinski argues the Board's Final Order contains "misinformation" and "[i]ncorrect [r]etirement [a]dvice" provided by OPM about the redeposit of refunded retirement contributions, and the Board should thus have considered "equitable estoppel" as grounds for relief. Pet'r's Br. 1; Pet'r's Supp. Br. 1–2. Ms. Cieslinski raises this issue on appeal for the first time, and this court therefore will not consider it. *See Michalic v. U.S. Postal Serv.*, 25 F. App'x 974, 977 (Fed. Cir. 2001) (citing *Kachanis v. Dep't of Treasury*, 212 F.3d 1289, 1293 (Fed. Cir. 2000) ("Appellants from a Board decision may not raise arguments for the first time on appeal to this court.")). In any event, even if OPM did offer erroneous advice, because Mr. Cieslinski was not entitled to benefits as a matter of law, the Board could not have held the government was estopped from denying her request. *See Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 414–15 (1990) ("[J]udicial use of the equitable doctrine of estoppel cannot grant respondent a money remedy that Congress has not authorized.").

CONCLUSION

Because the Board correctly found Ms. Cieslinski was not able to prove she qualified for FERS annuity payments, the decision of the Board is

**AFFIRMED**

COSTS

No costs.