NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CARMEN P. REID,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2017-1810

---

Petition for review of the Merit Systems Protection Board in No. SF-0842-17-0039-I-1.

---

Decided: September 12, 2017

---

CARMEN P. REID, Santa Barbara, CA, pro se.

DANIEL B. VOLK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., ELIZABETH M. HOSFORD.

---

Before DYK, LINN, and HUGHES, *Circuit Judges.*

PER CURIAM.

Carmen P. Reid ("Reid") appeals from a final decision of the Merit Systems Protection Board ("Board"), holding that her military service was not creditable towards the satisfaction of the general eligibility requirement for a retirement annuity under the Federal Employees' Retirement System ("FERS"). *Reid v. Office of Personnel Mgmt.*, No. SF-0842-17-0039-I-1 (M.S.P.B. Jan. 10, 2017). Because the Board did not err in reaching its decision, we affirm.

Title 5, section 8410 governs the general eligibility requirements for FERS. That section states: "Notwithstanding any other provision of this chapter, an employee or Member must complete at least 5 years of civilian service creditable under 5 U.S.C. § 8411 in order to be eligible for an annuity under this subchapter." Section 8411, titled "Creditable service," includes both certain civilian and certain military service.

Reid argues that the five year eligibility requirement may be met by summing her approximately four years and seven months of civilian service pursuant to 5 U.S.C. § 8411(b) and one year and two months of military service according to 5 U.S.C. § 8411(c)(1)(B). The Government argues that 5 U.S.C. § 8410 explicitly provides a baseline requirement of five years of exclusively "*civilian service* creditable under 5 U.S.C. § 8411" (emphasis added), and that the military service may only be creditable to determine the amount of the award once the baseline requirements are met.

We agree with the Government. The plain language of § 8410 requires five years of *civilian* service. To allow the non-civilian, i.e. military, service to count towards the eligibility criteria in § 8410 would render superfluous the word "civilian." "It is a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence,

or word shall be superfluous, void, or insignificant." *TRW Inc. v. Andrews,* 534 U.S. 19, 31 (2001) (internal quotation marks omitted). The latter part of § 8410, "creditable under 5 U.S.C. § 8411," does not expand the meaning of "at least 5 years of civilian service," but *narrows* the types of civilian service that may give rise to eligibility.

Our holding is also governed by *Brown v. Office of Pers. Mgmt.*, 872 F.2d 401 (Fed. Cir. 1989). There, interpreting 5 U.S.C. § 8442(b)(1) (setting forth the eligibility criteria for FERS benefits to widows and widowers), we held that the phrase "after completing at least 18 months of civilian service creditable under section 8411" did not allow using military service to establish eligibility. This was because the latter half of that phrase ("creditable under 5 U.S.C. § 8411") "does not change the basic requirement of section 8442 that creditable service must be civilian service to establish eligibility," 872 F.2d at 402, and the military service of the type contained in Section 8411 could only be used to compute the amount of an annuity. *Id.*

Reid argues that the basis for our decision in *Brown* was "not relevant law" because we cited a case dealing with Civilian Service Retirement Systems ("CSRS") and not FERS. *See id.* (citing as *cf. Tirado v. Dep't of the Treasury*, 757 F.2d 263, 264-65 (Fed. Cir. 1985)). We disagree. The basis for our decision in *Brown* was the text of the statute in § 8442, which is in relevant part identical to the text at issue here.

Reid cites as authority *Cieslinski v. Office of Pers. Mgmt.*, 610 F. App'x 979 (Fed. Cir. 2015) (non-precedential) ("By statute, a federal employee 'must complete at least 5 years of civilian service,' to include military service if the employee has made the required deposit . . . in order to be qualified to receive a FERS annuity payment."). *Cieslinski* does not control the disposition of this case. First, the statement Reid relies upon is

not controlling because it was not necessary to the court's decision. Cieslinski could not meet the eligibility requirements even if military experience could be included because he failed to make the payments to FERS necessary to claim such entitlement. 610 F. App'x at 981. *See Smith v. Orr*, 855 F.2d 1544, 1550 (Fed. Cir. 1988) ("[A] general expression in an opinion, which expression is not essential to the disposition of the case, does not control a judgment in a subsequent proceeding."). Second, *Cieslinski* is a non-precedential opinion, and thus has no binding force. Fed. Circ. R. 32.1(d). We also agree with the Board that the confusing language cited by Reid from the Office of Personnel Management's CSRS and FERS Handbook for Personnel and Payroll Offices cannot overrule the clear language of the statute.

For the foregoing reasons, the opinion of the Board is affirmed.

**AFFIRMED**

Costs

No costs.