# United States Court of Appeals for the Federal Circuit

---

**MICHAEL MONTELONGO,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2018-2095

---

Petition for review of the Merit Systems Protection Board in No. DE-0842-18-0087-I-1.

---

Decided: October 2, 2019

---

ALLEN ARTHUR SHOIKHETBROD, Tully Rinckey PLLC, Albany, NY, argued for petitioner.

ZACHARY JOHN SULLIVAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent. Also represented by REGINALD THOMAS BLADES, JR., JOSEPH H. HUNT, ROBERT EDWARD KIRSCHMAN, JR., NATHANAEL YALE.

---

Before TARANTO, CLEVENGER, and HUGHES, *Circuit Judges.*

TARANTO, *Circuit Judge*.

Michael Montelongo applied for a civil service retirement annuity for which applicants must meet a threshold requirement of having at least five years of "civilian service." 5 U.S.C. § 8410. It is undisputed that Mr. Montelongo could not meet that requirement unless his time as a cadet student at the United States Military Academy at West Point counted as such service. The Office of Personnel Management (OPM) ruled that the cadet time did not qualify and therefore denied him the annuity. The Merit Systems Protection Board rejected Mr. Montelongo's challenge to OPM's ruling. We affirm.

I

Mr. Montelongo was a student cadet at West Point from July 1973 to June or July 1977—roughly four years. He then served in the United States Army from June 8, 1977, until December 31, 1996, when he retired. Later, from June 21, 2001, to March 28, 2005—about three and three-quarters years—Mr. Montelongo served as a civilian presidential appointee in the Department of the Air Force. While he was serving in that civilian position, an Air Force human resources officer advised Mr. Montelongo that his time as a cadet at West Point could be "bought back" and credited toward an eventual civil service annuity under the Federal Employees Retirement System (FERS), 5 U.S.C. §§ 8401–8479. Mr. Montelongo made the small payment to "buy back" his four years as a cadet at West Point.

On August 15, 2017, Mr. Montelongo applied to OPM for a FERS annuity. OPM concluded that only his time as a presidential appointee (just under four years) counted as a creditable civilian service. In reaching that conclusion, OPM necessarily deemed Mr. Montelongo's active military service as well as his cadet time as not creditable civilian service. With less than four years of creditable civilian service, OPM ruled, Mr. Montelongo did not satisfy the

threshold requirement for a FERS annuity, *i.e.*, five years of creditable civilian service.

Mr. Montelongo appealed to the Board. He did not argue for counting his post-Academy career in the military; the only issue was whether his cadet time should be counted in meeting § 8410's five-year threshold. It was, as it still is, undisputed that Mr. Montelongo's cadet time was "military service" that was creditable service under 5 U.S.C. § 8411(c)(1). But the administrative judge assigned to the matter concluded that being "creditable service" under § 8411 does not make the cadet time into the "civilian service" for which § 8410 sets a five-year minimum for annuity qualification. On that basis, the administrative judge agreed with OPM's denial of the annuity application. The denial became the final Board decision when the time for full Board review passed and Mr. Montelongo had not sought such review.

Mr. Montelongo timely appealed to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II

We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see also De Santis v. Merit Systems Protection Bd.*, 826 F.3d 1369, 1372–73 (Fed. Cir. 2016). We review the Board's legal determinations, "such as statutory interpretation, de novo." *Stephenson v. Office of Pers. Mgmt.*, 705 F.3d 1323, 1326 (Fed. Cir. 2013).

To be eligible for a FERS annuity, an employee "must complete at least 5 years of civilian service creditable under section 8411 . . . ." 5 U.S.C. § 8410. Under the plain language of that provision, for service to count in meeting the five-year minimum, it must be *both* "civilian service"

*and* "creditable under section 8411." It is not enough for the applicant's service to satisfy the second half of this dual requirement, *i.e.*, that it be creditable under § 8411—which means that it is "service" used for certain FERS purposes such as calculating the amount of an annuity to which the applicant is otherwise entitled. *See id.*, § 8401(26) (defining "service" as "service which is creditable under section 8411"); *id.*, § 8415(a) ("the annuity of an employee retiring under this subchapter is 1 percent of that individual's average pay multiplied by such individual's total service"). The service that qualifies under § 8410 also must satisfy the first half of that section's dual requirement: it must be "civilian service."

We agree with the Board that Mr. Montelongo's cadet service was not "civilian service." The statute, in its definitional section, expressly specifies that West Point cadet time is "military service." *Id.*, § 8401(31). That definition is key to resolution of the legal issue because the relevant FERS statutory provisions make clear that, at least as relevant here, "military service" and "civilian service" are distinct categories.

Thus, § 8411 includes both military and civilian service as creditable "service," but it recognizes the distinction: it provides "credit for," among other things, certain periods of "military service," § 8411(c)(1), while separately allowing credit for and referring to certain "civilian service," § 8411(b)(3), (i)(1). The definitional section of the statute, § 8401, also separately refers to "military service," § 8401(31), and to "civilian service," § 8401(11)(C), (12)(A), 31, 37(A), 38(A). Indeed, the specific subsection that defines "military service" to include cadet time itself refers to "civilian service" as something distinct. § 8401(31). In this statutory context, which contains no other provision that overrides the separation of the two categories for present purposes, the qualification of cadet time as "military service" means that it is not "civilian service."

In *Brown v. Office of Personnel Management*, 872 F.2d 401, 402 (Fed. Cir. 1989), we insisted on the military-civilian distinction in a very similar context involving the FERS program. The question there was whether certain military service creditable under 5 U.S.C. § 8411 counts for meeting a "civilian service" eligibility requirement for FERS benefits to widows stated in § 8442. We held that it does not. We explained: "That section 8442(b)(1) says 'civilian service creditable under section 8411' and section 8411(c)(1)(A) allows credit for military service prior to 1957 does not change the basic requirement of section 8842 that creditable service must be civilian service to establish eligibility." *Brown*, 872 F.2d at 402. That reasoning carries over to the § 8410 issue here.

It also is consistent with precedent under the counterpart of the FERS provision at issue here for the Civil Service Retirement System (CSRS) that pre-dated the 1986 enactment of the FERS regime. Specifically, 5 U.S.C. § 8333(a), since its enactment in 1948, has used language similar to § 8410, requiring five years of "civilian service" for eligibility for an annuity. Both before and after the enactment of the FERS provisions, we have held that only civilian service counts under the CSRS eligibility provision, so that, while military service may count in calculating the amount of an annuity if eligibility is established, the five-year minimum for eligibility may not be met by combining civilian and military service. *See, e.g.*, *Villanueva v. Office of Pers. Mgmt.*, 980 F.2d 1431, 1432–33 (Fed. Cir. 1992); *Tirado v. Dep't of Treasury*, 757 F.2d 263, 264 (Fed. Cir. 1985). That precedent reinforces our reliance on the "civilian service"/"military service" distinction in interpreting § 8410.

In our non-precedential decision in *Reid v. Office of Personnel Management*, 708 F. App'x 677 (Fed. Cir. 2017), we drew the same conclusion about § 8410 that we draw here. We explained:

> The plain language of § 8410 requires five years of *civilian* service. To allow the non-civilian, *i.e.* military, service to count towards the eligibility criteria in § 8410 would render superfluous the word "civilian." . . . The latter part of § 8410, "creditable under 5 U.S.C. § 8411," does not expand the meaning of "at least 5 years of civilian service," but *narrows* the types of civilian service that may give rise to eligibility.

*Id.* at 678–79. We find that reasoning to be sound and now adopt the *Reid* reasoning and conclusion.

Mr. Montelongo correctly observes that an earlier non-precedential decision, *Cieslinski v. Office of Personnel Management*, 610 F. App'x 979 (Fed. Cir. 2015), includes a statement that is contrary to the legal conclusion we reach here and reached in *Reid*. In *Cieslinski*, we stated in dictum that "[b]y statute, a federal employee 'must complete at least 5 years of civilian service,' *to include military service* if the employee has made the required deposit (and not taken a refund of that deposit), in order to be qualified to receive a FERS annuity payment." *Id.* at 980 (emphasis added). But that statement is not binding, both because it was made in a non-precedential decision and because it was neither necessary to the result reached (which denied the FERS annuity sought) nor even part of the rationale of decision (which rested on the fact that the employee had requested and received a refund of his FERS contributions, nullifying any annuity rights he may have held). *Id.* at 981. *Reid* itself recognized the *Cieslinski* statement and explained that it had not been necessary to the court's decision. *Reid*, 708 F. App'x at 679. As we now hold, the statement in *Cieslinski* was incorrect.

Mr. Montelongo seeks support for his legal position in § 1115 of the National Defense Authorization Act for Fiscal Year 2008 (NDAA), Pub. L. 110-181, 122 Stat. 3, 361. But all that provision did with respect to FERS annuities was

to add cadet service to the definition of "military service" in 5 U.S.C. § 8401(31); it did not characterize cadet service as "civilian service." (It made a similar change in 5 U.S.C. § 8331(13), governing the CSRS regime.) As we have already discussed, the statutory treatment of cadet service as "military service" undermines rather than aids Mr. Montelongo's position on application of § 8410's "civilian service" to cadet service.

Mr. Montelongo next urges us to adopt a distinction between "pure" military service and "not pure" military service, arguing that his cadet service is in the latter category and that it therefore should count under § 8410. But nothing in the FERS statute makes that distinction. As already noted, the FERS statute's definitional section makes cadet service simply "military service," which contrasts with "civilian service."

Finally, Mr. Montelongo points to (a) the "buying back" advice given to him by the Air Force's human resources department and (b) a section on "Creditable Military Service," from an OPM handbook, that states, "Military service is credited under FERS rules if . . . [t]he employee had less than 5 years of civilian service (other than CSRS Interim or Offset service) upon becoming covered by FERS." J.A. 54. The advice did not, and the handbook does not, specifically address the threshold requirement of § 8410. In any event, neither OPM's handbook nor a government employee's advice overrides the clear language of the statute. *See Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 415–16 (1990) (holding "payments of money from the Federal Treasury are limited to those authorized by statute" even when erroneous oral and written advice is given by a government employee); *see also Koyen v. Office of Pers. Mgmt.*, 973 F.2d 919, 921–22 (Fed. Cir. 1992) (denying survivor's annuity to claimant whose spouse failed to make election by statutory deadline after relying on incorrect information provided by OPM).

For the foregoing reasons, the decision of the Board is affirmed.

The parties shall bear their own costs.

**AFFIRMED**