# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| TERRY L. STRICKER,<br>　　　　　　Appellant, | DOCKET NUMBER<br>DE-0841-16-0282-I-1 |
| 　　　　v. | |
| OFFICE OF PERSONNEL<br>　MANAGEMENT,<br>　　　　　　Agency. | DATE: June 16, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Terry L. Stricker, Elizabeth, Colorado, pro se.

Karla W. Yeakle, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1　　　The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM), denying his request to submit a deposit for past service and increase his Federal Employees Retirement System (FERS) annuity. Generally, we grant

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the appellant has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The following facts, as further detailed in the initial decision, are not disputed. The appellant has several periods of prior Federal civilian service. Initial Appeal File (IAF), Tab 13, Initial Decision (ID) at 2. The first period fell between March 1979 and January 1981, for the Department of Veterans Affairs. *Id*. This service was covered by the Civil Service Retirement System, but the appellant took a refund of his contributions at separation. *Id*.; IAF, Tab 6 at 15-16, 24. The next period of service fell between June 1984 and May 1988, for the Department of the Army. ID at 2. This service was covered by FERS, but the appellant again took a refund of his contributions at separation. *Id*. The appellant's final period of service fell between September 1992 and January 2002, with the Department of Veterans Affairs and covered by FERS, after which OPM granted his application for a disability retirement annuity. *Id*.

¶3      The appellant filed an application with OPM, seeking to submit a deposit to cover his service between 1979-81 and 1984-88 to increase his annuity benefit when he reached age 62. IAF, Tab 6 at 16. OPM ultimately issued an initial

decision in July 2014, denying the request. *Id*. at 15. The appellant requested reconsideration. *Id*. at 11-14. In April 2016, OPM issued a reconsideration decision affirming its initial decision. *Id*. at 6-10.

¶4 The appellant filed the instant appeal, challenging OPM's reconsideration decision. IAF, Tab 1. While the appeal was pending below, OPM partially reversed course, allowing the appellant to submit a deposit to cover his 1979-81 service. IAF, Tab 7 at 1. The administrative judge issued a decision on the written record to address the remaining period at issue, between 1984 and 1988, affirming OPM's reconsideration decision. ID at 3-6. The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 4.

¶5 As the administrative judge correctly noted, the appellant bears the burden of proving that he is entitled to the retirement benefits he seeks. 5 C.F.R. § 1201.56(b)(2)(ii); *see Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140-41 (Fed. Cir. 1986). We agree with the administrative judge's conclusion that the appellant failed to meet that burden concerning his 1984-88 service.

¶6 The appellant applied for and received a lump-sum credit for the FERS contributions he made between 1984 and 1988. IAF, Tab 6 at 15, 24, 26, 33. Consistent with 5 U.S.C. § 8424(a), the application he signed specifically warned that the lump-sum payment "will result in permanent forfeiture of any retirement rights that are based on the period of service which the refund covers." *Id*. at 26; *Moore v. Department of Veterans Affairs*, 109 M.S.P.R. 386, ¶ 9 (2008) (recognizing that section 8424 provides that an employee separated for at least 31 consecutive days is entitled to be paid a lump-sum credit, but payment of that lump-sum credit to the employee "voids all annuity rights under this subchapter"). The appellant has failed to identify, and we are not aware of, any law, rule, or regulation that would nevertheless permit him to submit a deposit to cover this service and increase his monthly annuity.

¶7     We recognize that Congress amended 5 U.S.C. § 8422 to include section (i), effective October 28, 2009.  *See* National Defense Authorization Act For Fiscal Year 2010, Pub. L. No. 111-84, § 1904, 123 Stat. 2190, 2616-17 (2009).  That new provision states:

> (i)(1) Each employee or Member who has received a refund of retirement deductions under this or any other retirement system established for employees of the Government covering service for which such employee or member may be allowed credit under this chapter may deposit the amount received, with interest.  Credit may not be allowed for the service covered by the refund until the deposit is made.

5 U.S.C. § 8422(i)(1).    However, we agree with the administrative judge's conclusion that this provision is not retroactive; it applies only to individuals who, unlike the appellant, were employed under FERS on or after the effective date of that provision.[2]  ID at 5-6; *see Hooker v. Department of Veterans Affairs*, 120 M.S.P.R. 629, ¶ 12 (2014) (recognizing that when Congress intends for statutory language to apply retroactively, it is capable of doing so very clearly).

¶8     In a February 2011 Benefits Administration Letter (BAL), OPM issued guidance concerning section 8422, specifying that, "[y]ou cannot pay a civilian deposit/redeposit for . . . [a]ny period of service under FERS for which you received a refund of your retirement deductions based on an application you filed after you had been covered by FERS, if you were not employed under FERS on or after October 28, 2009."  *See* BAL No. 11-103, https://www.opm.gov/retirement-services/publications-forms/benefits-administration-letters/2011/11-103.pdf   (last visited June 16, 2023); *see also Cieslinski v. Office of Personnel Management*, 610 F. App'x 979, 981 (Fed. Cir. 2015) (citing OPM's BAL No. 11-103 and

---

[2] In denying the appellant's request to submit a deposit for his 1984-88 service, OPM alluded to 5 U.S.C. § 8422(i).  IAF, Tab 6 at 15.  Specifically, OPM indicated that "prior to a rule change on 10/28/2009 there was no entitlement to make a redeposit on refunded service with [FERS]" and the appellant's FERS annuity commenced in 2002, well before that rule change.  *Id.*

indicating that 5 U.S.C. § 8422(i) "became law in October 2009 and might not apply to this case based on [its] effective date"); *LeMaster v. Department of Veterans Affairs*, 123 M.S.P.R. 453, ¶ 11 n.5 (2016) (recognizing that the Board may follow a nonprecedential decision of the U.S. Court of Appeals for the Federal Circuit when it finds its reasoning persuasive).  The current application to make a service credit payment, Standard Form (SF) 3108, includes instructions that similarly indicate that individuals cannot make a deposit for prior FERS service if they were not employed under FERS on or after October 28, 2009.  *See* SF-3108,  https://www.opm.gov/forms/pdf_fill/sf3108.pdf (last visited June 16, 2023).[3]  Although BAL No. 11-103 and SF-3108 were not issued under formal notice-and-comment rulemaking procedures used in promulgating regulations and are therefore not entitled to the deference given to regulations, the positions expressed therein may be entitled to some weight based on, among other things, their formality and persuasiveness.  *Brandt v. Department of the Air Force*, 103 M.S.P.R. 671, ¶ 14 (2006).  OPM's BAL and SF-3108, like the VetGuide in *Brandt*, are formal documents, prepared for publication—and in fact published— on the internet, with the apparent expectation that it would be relied on by agencies, employees, prospective employees, and other interested members of the public.  *Id*., ¶ 15.  Under the circumstances, we find them persuasive.  Because the appellant's last day of Federal service was in or around January 2002, 5 U.S.C. § 8422(i) does not apply, and he is not permitted to submit a deposit for his 1984-88 service.  IAF, Tab 6 at 20-22, 32.

¶9      In his petition for review, the appellant generally suggests that he would have never knowingly or intentionally accepted a refund for his 1984-88 service

---

[3] We recognize that the appellant completed his application to make a service credit payment in December 2001, IAF, Tab 6 at 16, long before the passage of 5 U.S.C. § 8422(i) and the current iteration of SF-3108.  However, the record does not include any instructions to the appellant's application, for purposes of comparing those in place then to those in place now.

if he had been aware of the consequences. PFR File, Tab 1 at 3. He asserts that denying him annuity credit for those years does not reflect the spirit of the law. *Id*. However, the Board is not authorized to waive statutorily mandated requirements for annuity entitlement. *See Office of Personnel Management v. Richmond*, 496 U.S. 414, 416, 434 (1990) (finding that the Government cannot be estopped from denying benefits not otherwise permitted by law even if the claimant was denied monetary benefits because of his reliance on the mistaken advice of a Government official). We therefore affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
P.O. Box 77960<br>
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____/s/ for_____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.