NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JONATHAN STEELE,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2024-1154

---

Petition for review of the Merit Systems Protection Board in No. PH-844E-21-0362-I-1.

---

Decided:  May 7, 2024

---

JONATHAN STEELE, Hermitage, PA, pro se.

ANNE DELMARE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, CORINNE ANNE NIOSI.

---

Before LOURIE, PROST, and STARK, *Circuit Judges.*

PER CURIAM.

Jonathan Steele appeals from a final decision of the Merit Systems Protection Board ("Board") denying his request for disability retirement benefits under the Federal Employees' Retirement System ("FERS"). For the reasons below, we affirm the Board's decision.

## BACKGROUND

Mr. Steele served in the U.S. Air Force in 1999 for 27 days and in 2005 for 107 days. Mr. Steele also alleges that he served an additional 8.5 years in the military between 1999 and 2022. Appellant's Informal Br. 7. He also worked for the Veterans Health Administration from February 18, 2020, until February 9, 2021 (11 months and 22 days).

Mr. Steele applied for disability retirement benefits under FERS. The Office of Personnel Management ("OPM") denied Mr. Steele's application because he had worked less than the 18 months in civilian service required to receive this benefit. Mr. Steele sought reconsideration, and OPM sustained its findings. Mr. Steele then appealed to the Board, where an Administrative Judge issued an initial decision affirming OPM's reconsideration decision. Mr. Steele then filed a petition for review of the Administrative Judge's initial decision. The Board issued a final order denying the petition for review.

Mr. Steele timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1)(A).

## DISCUSSION

We must affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). "The petitioner bears the burden of establishing error in the Board's decision." *Harris v. Dep't of Veterans Affs.*, 142 F.3d 1463, 1467 (Fed. Cir. 1998).

Mr. Steele argues that he is eligible for disability retirement benefits based on his combined number of years in civilian and military service.

FERS establishes that "[a]n employee who completes at least 18 months of civilian service creditable under [5 U.S.C. §] 8411 and has become disabled" is eligible for disability retirement. 5 U.S.C. § 8451(a)(1)(A); *see also* 5 C.F.R. § 844.103(a)(1) ("The individual must have completed at least 18 months of civilian service that is creditable under FERS, as defined in § 842.304 of this chapter."). The plain language of FERS requires 18 months of *civilian* service under § 8411 to establish eligibility for disability retirement. 5 U.S.C. § 8451(a)(1)(A); 5 C.F.R. § 844.103(a)(1). Mr. Steele does not dispute that he worked less than 18 months in civilian service. Appellant's Informal Br. 7, 8. Therefore, Mr. Steele is not eligible for FERS disability retirement benefits.[1]

Mr. Steele argues that his military service should count toward the 18-month-civilian-service requirement. We disagree. Section 8411, which mentions both civilian and military service, is used for FERS purposes in addition to § 8451 eligibility. For example, "total service" under § 8411 (potentially both military and civilian) may be used in the *calculation of* an annuity. *See* 5 U.S.C. § 8415(a). Section 8411's reference to both types of service, however, does not change the fact that § 8451 requires 18 months of *civilian* service. *See Montelongo v. OPM*, 939 F.3d 1351, 1354 (Fed. Cir. 2019) ("[M]ilitary service may count in calculating the amount of an annuity if eligibility is established, [but] eligibility may not be met by combining

---

[1]    Mr. Steele alleges that he was forced to quit his job at the VA, which prevented him from completing 18 months of civilian service. He has not advanced any argument why this allegation would change the calculation of the period of civilian service here.

civilian and military service.") (distinguishing civilian service from military service in an analogous FERS provision, 5 U.S.C. § 8410).[2]  Military service therefore cannot count toward the required 18 months of civilian service.

Mr. Steele also appears to raise a discrimination claim related to his denial of benefits.  He did not raise this claim before the Board, and thus it is forfeited on appeal.  *Oshiver v. OPM*, 896 F.2d 540, 542 (Fed. Cir. 1990).  Moreover, we do not have jurisdiction to address a claim for discrimination under 5 U.S.C. § 7703(b)(2).  *Williams v. Dep't of Army*, 715 F.2d 1485, 1487 (Fed. Cir. 1982) (en banc).  We therefore do not address the merits of this argument.

## CONCLUSION

We have considered Mr. Steele's remaining arguments and find them unpersuasive.  Because Mr. Steele does not meet the 18-month civilian service eligibility requirement for disability retirement benefits under FERS, we affirm.

**AFFIRMED**

COSTS

No costs.

---

[2]    Mr. Steele also argues that he is attempting to pay a deposit to receive credit for his military service.  *E.g.*, 5 U.S.C. § 8411(c)(1)(B) (allowing "credit for . . . each period of military service performed after December 31, 1956, . . . *if a deposit . . . is made*" in accordance with another provision (emphasis added)); *see also* 5 C.F.R. §§ 842.306(a)(2) (implementing the requirements of § 8411(c)(1)(B)), 842.307 (setting out the requirements for a deposit).  Even if Mr. Steele pays this deposit to receive credit, military credit may not be used to establish disability retirement *eligibility* under the plain language of 5 U.S.C. § 8451(a)(1)(A).